IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DOUGLAS HARROLD and
ALYSON HARROLD,

    Plaintiffs,

  v.

EXPERIAN INFORMATION
SOLUTIONS, INC., EQUIFAX
INFORMATION SERVICES, LLC,
TRANS UNION, LLC, and WELLS
FARGO BANK, N.A.,

    Defendants.

No. C 12-02987 WHA

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AND VACATING HEARING**

## INTRODUCTION

In this action involving credit reports, defendant Wells Fargo Bank, N.A. moves to dismiss all claims against it. For the reasons discussed below, the motion is **GRANTED IN PART** and **DENIED IN PART**. The hearing scheduled for October 4 is **VACATED**.

## STATEMENT

Plaintiffs Douglas Harrold and Alyson Harrold jointly filed for Chapter 7 bankruptcy in April 2011 (RJN Exh. A). The bankruptcy proceedings included defendant Wells Fargo as a creditor. In August 2011, the bankruptcy court discharged debts held by all creditors, including Wells Fargo (Compl. ¶ 18). The Harrolds allege that Wells Fargo reported inaccurate information about their account to consumer reporting agencies and failed to correct inaccurate

information even after notification of a consumer dispute (Compl. ¶ 21).  Specifically, one of Mr. Harrold's credit report stated that his Wells Fargo account was in "major delinquency," and Ms. Harrold's credit reports stated that her Wells Fargo account was 120+ days past due and/or charged off (Dkt. Nos. ¶¶ 22–24).  Wells Fargo is furnisher under the Fair Credit Reporting Act because it provides credit information to consumer reporting agencies, also known as credit reporting agencies (Compl. ¶ 14).  Plaintiffs seek actual and statutory damages for negligent and willful violations of 15 U.S.C. 1681s-2(b) and California Civil Code Section 1785.25.[1]

**ANALYSIS**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that the defendant is liable for the conduct alleged.  While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Id.* at 1949–50 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted).  "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."  *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) (citation omitted).  In a motion to dismiss, the court need not accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

1. **FRCA CLAIMS NOT PRECLUDED BY BANKRUPTCY CODE.**

Citing *Walls v. Wells Fargo Bank*, 276 F.3d 502 (9th Cir. 2002), Wells Fargo argues that the Harrolds' FCRA claim is precluded by Section 524 of the bankruptcy code.  This argument is unpersuasive.  Our court of appeals in *Walls* held that a claim under a different law, the Fair Debt Collections Practices Act, was precluded by the bankruptcy code because the FDCPA

---

[1] Wells Fargo's request to take judicial notice of filings from the bankruptcy proceeding is **GRANTED**. FRE 201 permits judicial notice of a fact that is not subject to reasonable dispute and is capable of accurate and ready determination by sources whose accuracy cannot reasonably be questioned.  In particular, a court may take judicial notice of the records of other courts in other cases.  *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

2

collection claim depended on whether Section 524's discharge injunction against collection was violated. *See Walls*, 276 F.3d at 510. The court held that the FDCPA claim was precluded because the plaintiff's sole remedy was a contempt proceedings before the bankruptcy court for violation of Section 524's discharge injunction. *Id.* at 509.

Although our court of appeals has not addressed whether *Walls* applies to FCRA claims, many district courts, including our district, have held that FCRA claims are not precluded. *See, e.g.*, *Hanks v. Talbots Classics Nat. Bank*, Civ. 12-2612, 2012 WL 3236323, at *4–5 (N.D. Cal. Aug. 6, 2012) (Illston, J.), *Henry v. Saxon Mortg., Inc.*, 2011 WL 5331679, at *2–3 (D. Ariz. Nov. 7, 2011), *Wakefield v. Calvary Portfolio Servs.*, 2006 WL 3169517, at *2 (D. Or. Nov. 1, 2006). The reasoning of these courts, adopted herein, is that the FCRA co-exists with the bankruptcy code to serve different purposes: "The FCRA seeks to minimize credit reporting errors and to cure those that are made in a prompt and efficient manner. Actions under it generally involve mistakes. The discharge stay is directed to enforcing the bankruptcy discharge. Actions under it generally involve intentional acts." *Hanks*, 2012 WL 3236323 at *5. Section 524 enjoins creditors from collecting payment but is silent on credit reporting. *See* 11 U.S.C. 524. Here, the Harrolds do not allege that Wells Fargo failed to correct inaccurate information in the credit reports with the intent to coerce payment of pre-petition debt, putting their claim outside the aegis of Section 524 (Opp. 6).

2. **JUDICIAL ESTOPPEL.**

"Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *In re Jacobson*, 676 F.3d 1193, 1201 (9th Cir. 2012). Several factors are evaluated when deciding to apply this doctrine:

> (1) Is the party's later position clearly inconsistent with its earlier position? (2) Did the party succeed in persuading a court to accept its earlier position, creating a perception that the first or second court was misled? and (3) Will the party seeking to assert an inconsistent position derive an unfair advantage or impose an unfair detriment on the opposing party?

*Baughman v. Walt Disney World Co.*, 685 F.3d 1131, 1133 (9th Cir. 2012) (internal quotation marks and citations omitted).

3

Wells Fargo argues that Ms. Harrolds' claims should be dismissed on grounds of judicial estoppel. In their earlier bankruptcy proceeding, she and Mr. Harrold represented in their bankruptcy schedule that the debt to Wells Fargo of $8,569 was solely Mr. Harrold's debt, not joint or community debt (RJN Exh. C at 26). Contrary to Wells Fargo, this fact is insufficient by itself to raise concerns of judicial estoppel. Wells Fargo has not explained, and there is nothing in the record to show, why it matters that Ms. Harrold failed to list herself as a debtor to Wells Fargo on the joint bankruptcy schedule. Importantly, the Harrolds' bankruptcy proceeding appears to have been a no-asset, no-bar-date Chapter 7 case (*see* RJN Exh. A–C). In such a case, dischargeability is unaffected by scheduling. *In re Nielsen*, 383 F.3d 922, 926 (9th Cir. 2004). Therefore, on this record, it is unclear whether Ms. Harrold gained any advantage from her failure to list her debt to Wells Fargo. Moreover, it is likely that her debt to Wells Fargo was discharged as a result of the bankruptcy proceeding for the same reason that Mr. Harrold's debt was discharged, and therefore, she is taking a consistent position in this action. Wells Fargo has not made a "fraud of the debtor" claim to reopen the bankruptcy proceedings and dispute the allegedly discharged debt. 11 U.S.C. 727(d)(1). Therefore, on this record, Wells Fargo's request for judicially estoppel is rejected.

### 3. FCRA PREEMPTS CLAIMS UNDER CALIFORNIA CIVIL CODE SECTIONS 1785.25 (B), (C), AND (F).

The FCRA provides that "[n]o requirement or prohibition may be imposed under the laws of any State . . . relating to the responsibilities of persons who furnish information to consumer reporting agencies." 15 U.S.C. 1681t(b)(1)(F). One statutory exception is for California Civil Code Section 1785.25(a). 15 U.S.C. 1681t(b)(1)(F)(ii). Subsections (b), (c), and (f) of Section 1785.25 are preempted by FCRA because they relate to the responsibilities of persons who furnish information to consumer reporting agencies. *See Carvalho v. Equifax Information Services, LLC*, 629 F.3d 876, 889 (9th Cir. 2010) (en banc) ("Because section 1785.25(a) is the only substantive CCRAA furnisher provision specifically saved by the FCRA, [plaintiff's] section 1785.25(f) claim is preempted."); *see also Subhani v. JPMorgan Chase Bank, Nat. Ass'n*, Civ. 12-1857, 2012 WL 1980416 (N.D. Cal. June 1, 2012) (Alsup, J.). In their opposition brief,

4

the Harrolds ignore Wells Fargo's preemption arguments. Therefore, claims pursuant to Section 1785.25(b), (c), and (f) are **DISMISSED WITH PREJUDICE**.

### 4. FAILURE TO ALLEGE SPECIFIC DATES.

Section 1681s-2 sets forth two categories of responsibilities for furnishers, such as Wells Fargo. Subsection (a) details the duty "to provide accurate information." There is no private right of action under subsection (a). Subsection (b), which does include a private right of action, imposes obligations that are triggered when the furnisher receives notice from a consumer reporting agency that the consumer disputes the information. Subsection 1681s–2(b) provides that, after receiving a notice of dispute, the furnisher shall:

> (A) conduct an investigation with respect to the disputed information;
>
> (B) review all relevant information provided by the [CRA] pursuant to section 1681i(a)(2) ...;
>
> (C) report the results of the investigation to the [CRA];
>
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other [CRAs] to which the person furnished the information ...; and
>
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1) ... (i) modify ... (ii) delete[or] (iii) permanently block the reporting of that item of information [to the CRAs].

15 U.S.C. 1681s–2(b)(1). "These duties arise only after the furnisher receives notice of dispute from a consumer reporting agency; notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1162 (9th Cir. 2009). "[A]n inadequate CRA notification may limit the scope of a furnisher's § 1681s–2(b) duty, for example, by excusing a more limited investigation; it does not, however, eliminate the duty altogether." *Drew v. Equifax Information Services, LLC*, — F.3d —, 2012 WL 3186110, at *4 (9th Cir. Aug. 7, 2012). Importantly,

> [a] furnisher does not report 'incomplete or inaccurate' information within the meaning of section 1681s–2(b) simply by failing to report a meritless dispute, because reporting an actual debt without noting that it is disputed is unlikely to be materially misleading. It is the failure to report a bona fide dispute, a dispute

5

> that could materially alter how the reported debt is understood, that gives rise to a furnisher's liability under § 1681s–2(b).

*Gorman*, 584 F.3d at 1163. Similarly, California Civil Code Section 1785.25(a) prevents a furnisher from "furnish[ing] information on a specific transaction or experience to any consumer credit reporting agency if the [furnisher] knows or should know the information is incomplete or inaccurate." *Id.* at 1169.

In the current complaint, Mr. Harrold alleges that Wells Fargo "[i]naccurately report[ed] date of first delinquency" and "[i]naccurately reports date of first major delinquency" (*see* Compl. ¶ 20–22). Similarly, the complaint alleges that Wells Fargo inaccurately reported delinquency, charged off, and maximum delinquency on Ms. Harrold's credit reports (Compl. ¶ 23). The Harrolds notified the consumer reporting agencies after discovering these erroneous entries in their credit reports (Compl. ¶¶ 24–26). Although pled in the alternative, the Harrolds plead that "the CRA's [sic] did forward some notice of the dispute to the Creditors and failed to conduct a lawful investigation" (Compl. ¶ 27). The complaint fails to allege dates for these events.

Wells Fargo argues that these allegations are insufficient to show that it reported "incomplete or inaccurate" information. This order agrees. The allegations are not sufficiently specific about when the relevant events took place. In particular, there is no information about when the Harrolds discovered the allegedly inaccurate information in their credit reports (the dates of each report), when payments to Wells Fargo were missed, and when the Harrolds contacted Wells Fargo and the consumer credit agencies to dispute these reports. The timing of these events are important to state a plausible claim for several reasons: *First*, reports of delinquencies in payment while bankruptcy proceeding are still ongoing is not "incomplete or inaccurate" information. *See Mortimer v. JP Morgan Chase Bank, Nat. Ass'n*, Civ.12-1936, 2012 WL 3155563, at *3–4 (N.D. Cal. Aug. 2, 2012) (Wilken, C.J.). Notably, the Harrolds do not dispute that their payments were delinquent. *Second*, Wells Fargo did not have knowledge of the Harrolds' bankruptcy discharge until after the bankruptcy court served its discharge order on August 12, 2011; yet, it is unclear in the complaint when Wells Fargo allegedly reported delinquency and failed to investigate a consumer dispute. *In re Douglas Harrold*, 11-54199,

6

Dkt. No. 21 (Bankr. N.D. Cal. Aug. 12, 2011). *Third*, it is unclear whether the allegedly inaccurate reports were created before or after Wells Fargo was alerted by a consumer reporting agency of the consumer dispute. *Fourth*, without allegations as to the dates of the reports, it is impossible to determine whether descriptions of date-dependent entries, such as "30 days past due" and "charge off," are inaccurate. Therefore, the claims against Wells Fargo are **DISMISSED**.[2]

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. The motion hearing scheduled for October 4, 2012, is **VACATED**. Plaintiffs may seek leave to amend and will have **21 CALENDAR DAYS** from the date of this order to file a motion, noticed on the normal 35-day track, for leave to file an amended complaint in order to further develop their claims. A proposed amended complaint must be appended to the motion and plaintiffs must plead their best case. The motion should clearly explain how the amendments to the complaint cure the deficiencies identified herein. This is not an invitation to add new claims.

**IT IS SO ORDERED.**

Dated: September 17, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

---

[2] This order does not address Wells Fargo's argument, made only in its *reply brief*, that the FCRA and CCRAA do not require reporting of bankruptcy discharge as a matter of law. Sandbagging with a new legal theory in a reply brief will not be tolerated. Wells Fargo may re-raise this argument in opposition of plaintiffs' motion for leave to amend.

7